IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

IDA M. PETERSON                                                                                      PLAINTIFF

v.                                    Case No. 5:16-cv-00366 KGB

SEARS, ROEBUCK, AND CO.                                                                 DEFENDANT

## ORDER

Before the Court is the parties' joint stipulation of dismissal with prejudice (Dkt. No. 24). The stipulation accords with the terms of Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The Court notes that defendant Sears, Roebuck, and Co. filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (Dkt. No. 25). As a dismissal of this action does not require the Court to consider issues related to the underlying case, the dismissal will not constitute a continuation of the judicial proceeding and is therefore not barred by the automatic stay.[1] For good cause shown, the Court adopts the stipulation of dismissal (*Id.*). The action is dismissed with prejudice, and each party will bear its own costs and fees.

---

[1] The Eighth Circuit Court of Appeals has held that the automatic stay does not "preclude another court from dismissing a case on its docket or to affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay." *Dennis v. A.H. Robins Co., Inc.*, 860 F.2d 871, 872 (8th Cir. 1988) (holding that the automatic stay did not prevent a district court from dismissing a bankrupt plaintiff's action for failure to follow the district court's local rules). Other courts have held that the automatic stay does not prevent a court from dismissing a case against a debtor on the motion of the plaintiff pursuant to Federal Rule of Civil Procedure 41(a). *See Settles v. C.I.R.*, 138 T.C. 372, 376 (T.C. 2012) (holding that dismissal of a bankrupt petitioner's case under Rule 41(a) did not violate the automatic stay); *Arnold v. Garlock Inc.*, 288 F.3d 234, 237 (5th Cir. 2002) (same); *Slay v. Living Ctrs. E., Inc.*, 249 B.R. 807 (S.D. Ala. 2000) (same); *Chase Manhattan Bank, N.A. V. Celotex Corp.*, 852 F. Supp. 226 (S.D.N.Y. 1994) (same).

So ordered this 13th day of December, 2018.

_____
Kristine G. Baker
United States District Judge